# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1391
Lower Tribunal No. 2022-CF-006298

_____

CHARLES T. DAVIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Lori A. Winstead, Judge.

March 6, 2026

WOZNIAK, J.

Charles T. Davis appeals the judgment and sentence imposed following the return of the jury verdict finding him guilty of burglary, with the specific findings that the structure entered was a dwelling occupied by another human being and that he committed a battery in the course of the burglary. We find no merit in the majority of the issues raised by Davis and are unable to reach the final issue he advances, which is his assertion that certain investigative costs were awarded without evidentiary support, because it was not preserved by a contemporaneous objection

at sentencing. See State v. Cremers, 319 So. 3d 46, 47 (Fla. 4th DCA 2021) ("[A]n objection to the sufficiency of the proof must be made contemporaneously with the assessment of costs.").[1]

Accordingly, we affirm the judgment and sentence.

AFFIRMED.

TRAVER, C.J., and SMITH, J., concur.


Blair Allen, Public Defender, and David L. Redfearn, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Cynthia Richards, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[1] Although Davis did challenge the sufficiency of the evidence underlying the investigative costs award in his Florida Rule of Criminal Procedure 3.800(b)(2) motion, this did not preserve the issue for appellate review. See Lucas v. State, 385 So. 3d 1086, 1087 (Fla. 4th DCA 2024) (holding rule 3.800(b)(2) motion to correct sentencing error did not preserve challenge to sufficiency of evidence offered in support of investigative cost award); McKnight v. State, 373 So. 3d 973, 973 (Fla. 1st DCA 2023) (finding claim of insufficiency of evidence to support award of FLDE costs was not preserved by rule 3.800(b) motion); Simpson v. State, 326 So. 3d 195, 198 (Fla. 5th DCA 2021) (affirming order imposing investigative costs because argument challenging sufficiency of the evidence was not preserved; rejecting argument that raising issue in rule 3.800(b) motion was sufficient to preserve issue).